EVANSVILLE GRAIN COMPANY, Appellant, v. JOHN MACKLER, Respondent.

St. Louis Court of Appeals, March 26, 1901.

1. **Practice and Proceedings:** JURISDICTION: APPEARANCE FOR PURPOSE OF CHALLENGING JURISDICTION. The appearance of defendant, for the sole purpose of raising the question of jurisdiction, does not of itself give jurisdiction over the subject-matter.

Evansville Grain Co. v. Mackler.

2. ——— : ——— : ——— : GENERAL APPEARANCE. And it ought not to be held that an agreement made by both parties, that a premature order of the court overruling a motion to dismiss might be set aside, and the motion reinstated and heard on its merits, amounted to a general appearance by the defendant so that the court could not thereafter hear it in any proper sense at all, but was bound to overrule it and retain the case.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

AFFIRMED.

*Charles M. Napton* for appellant.

(1) In order to have the action of the court overruling the dismissal set aside, it was necessary for the defendant to do one of two things: First, to file a motion to set it aside, or, second, to get a stipulation from plaintiff to that effect. If the defendant had filed a motion to set it aside without reserving a special appearance for that purpose only, this would certainly have been a general appearance. Baisley v. Baisley, 113 Mo. 544. Instead of filing such a motion, however, defendant got a stipulation from the plaintiff, both signing it without any reservation whatever, and with this stipulation came before the court, whereupon the court made an order that "by consent of parties hereto, it is ordered that the order made on June 27, overruling the motion to dismiss for want of jurisdiction be, and the same is, set aside, etc." This was tantamount to a general appearance. Feedler v. Schroeder, 59 Mo. 364; Bohn v. Devlin, 28 Mo. 319; O'Rear v. Clough, 52 Mo. 55; Pettis v. Railroad, 59 Mo. 406.

*W. M. Williams* and *Abott & Edwards* for respondent.

Defendant made no voluntary appearance, nor can his

stipulation be construed as a general appearance. Higgins v. Beckwith, 102 Mo. 456; Fare v. Gunter, 82 Mo. 522; Lincoln v. Hilbus, 36 Mo. 149; Huff v. Shepard, 58 Mo. 242; Hill v. Mfg. Co., 4 Mo. App. 595.

GOODE, J.—The plaintiff is an Illinois corporation. It began an action against the defendant in the circuit court of the city of St. Louis, in which city the defendant was served with process. At the return term of the writ, he appeared solely for the purpose of moving to dismiss the cause for lack of jurisdiction over the person of the defendant, on the ground that he was a resident of Cooper county and the plaintiff a foreign corporation. It is agreed that the court inadvertently overruled this motion pending the taking of the testimony on it. In view of this the following stipulation was executed by the parties:

"It is hereby agreed between the parties to motion in this cause that the finding of the court overruling the motion to dismiss for want of jurisdiction may be set aside, and the motion replaced upon the law docket and submitted to the court on depositions and evidence; the respective parties to said motion on Friday, June 15, having agreed that the taking up of said motion might go over until June 29, to enable the respective parties to take depositions in support and in opposition thereto, the mover of the motion having served notice to take depositions on Saturday, June 23, and the plaintiff having served notice to take depositions on Monday June 25, the depositions of June 25 not being taken for the reason that attorney for plaintiff desired to see the depositions taken under notice on June 23 on behalf of the movers, before taking its depositions."

The court set aside the order overruling the motion to dismiss, pursuant to the stipulation, by the following order:

"By consent of parties hereto, it is ordered by the court that the order made herein on June 27, 1900, overruling the

Evansville Grain Co. v. Mackler.

motion to dismiss cause for want of jurisdiction, be and the same is hereby set aside and vacated and the motion reinstated on the law docket for hearing."

Afterwards, the motion was reheard on the testimony, which showed conclusively that the defendant, at the time he was served, resided in Cooper county, Missouri, and not in the city of St. Louis. The court, therefore, dismissed the action for want of jurisdiction.

Appellant contends that this judgment was erroneous, because, the agreement signed by the parties for reinstatement of the motion, after it was inadvertently overruled, amounted to a general appearance on the part of the defendant and gave the court full jurisdiction. It is not denied that the appearance of the defendant for the sole purpose of raising the question of jurisdiction did not, of itself, give jurisdiction over the subject-matter. Hill v. Mfg. Co., 4 Mo. App. 688; Huff v. Shepard, 58 Mo. 242; Lincoln v. Hilbus, 36 Mo. 149; Fare v. Gunter, 82 Mo. 522. This being true, it ought not to be held that the agreement made by both parties that the premature order of the court overruling the motion to dismiss might be set aside and the motion reinstated and heard on its merits, amounted to a general appearance by the defendant, so that the court could not thereafter hear it in any proper sense at all, but was bound to overrule it and retain the case. This would be keeping a promise to the ear and breaking it to the hope with a vengeance. The very purpose of the agreement was to afford the court an opportunity to correct an error and to right a wrong. It did both, pursuant to the provisions stipulated, which were intended to preserve the defendant's rights, if made in good faith. We can not approve the proposition that a party who consented to this action shall be permitted to challenge its propriety. General appearances by continuing or changing the venue of cases, bear no resemblance to the proceeding here. In asking the court

to make such orders as those, parties in effect ask it to exercise jurisdiction, which therefore, they are not permitted to after wards contest.

The judgment is affirmed.   All concur.