N. JEAN BECKMANN, Plaintiff-Respondent, v. EDWARD A. BECKMANN, Defendant-Appellant.—No. 41126.—218 S. W. (2d) 566.

Court en Banc, March 14, 1949.

1030

*Claude W. McElwee* and *Lawrence Presley* for appellant.

*Philip A. Foley* for respondent.

[568] DOUGLAS, J.—Plaintiff sued her husband for divorce. She asked for custody of their two minor children, maintenance for the children and alimony for herself. Defendant was served by publication but did not appear at the trial. He and the children were in California when the trial was had. Plaintiff was granted a divorce, custody of the children, an allowance for their support and alimony. Defendant appealed to the St. Louis Court of Appeals from the orders awarding maintenance and custody of the children and awarding alimony. He did not appeal from the judgment of divorce. He contended the trial court on constructive service had no jurisdiction either to enter a personal judgment against him for maintenance and alimony or to adjudge the custody of the children. As an additional ground for his latter contention he relied on the fact that during the pendency of the case the children were physically outside the jurisdiction of the court and in another state. The court of appeals in a well reasoned opinion held the award of custody was proper but the judgment for maintenance and alimony was void.

The case was transferred here because the question as to the right to award the custody of children under the circumstances of this case was a novel one in this state. We are in accord with the court of appeals' opinion and confirm its conclusions. Since the case is here as if on original appeal we dispose of it by an opinion of this court. However, for a more complete discussion of the facts and the authorities from this and other jurisdictions consult the court of appeals' opinion in 211 S. W. (2d) 536.

Briefly, the facts show plaintiff and defendant were married in St. Louis in 1935 where defendant was employed by the telephone company. They later bought a home on Litzsinger Road in St. Louis County which stands in both their names. Their two boys were born while they were living there. That continued to be the family home

where all lived together until September, 1946. One day while plaintiff was out of her home doing errands defendant took the two children, aged 4 and 5 years, and flew with them to California. His leaving was sudden, unexpected and a surprise to plaintiff. He had not previously told her of any intention to take the children and leave.

Defendant's mother lived in California and his brother, an officer in the Navy, was stationed there. Plaintiff located defendant and the children at his brother's station at a United States Naval Ordnance Test Station with the postoffice address at Inyokern, California. They exchanged some correspondence with each other at that address. She testified her husband told her over the telephone the Naval Base was highly restricted and she would not be granted admission so it would be useless for her to attempt to visit her children there. Later on, and while this suit was pending, she said her husband returned to St. Louis and communicated with her by telephone.

Defendant's sudden flight precipitated the filing of this suit. The suit was based on indignities. Plaintiff attempted to obtain service on defendant by registered mail using the same address she had used in writing him at his brother's station but the summons·was returned "unclaimed". Then she obtained an order of publication on the ground her husband had left his usual place of abode in this state. Service by publication was had but defendant did not answer. However, he filed a special appearance for the purpose of objecting to the court's jurisdiction to proceed with the case. The ground of his objection was, "defendant is temporarily in the State of California and is detained there on account of ill health." When his motion to the jurisdiction was overruled he appealed. The court of appeals dismissed that appeal. Thereafter a trial was held. Defendant was not present and was not represented. Plaintiff was granted a divorce, custody of the children, maintenance and alimony. Again appearing specially defendant filed a motion for a new trial as to the award of custody of the children, and as to the maintenance and alimony. After his motion was overruled he appealed.

 So under these facts we have as the first question for decision: Did the court have jurisdiction to award the custody of the children inasmuch as the children were physically outside the state with their [569] father, and their father was served only by publication?

The rule has been announced with good authority that a court may not award custody of a child where it has no jurisdiction of the person of the defendant and the child is not within the state. 27 CJS., Divorce, § 303 b. In the cases supporting this rule there was no jurisdiction of the person of the defendant because only constructive service was had. In Sanders v. Sanders, 223 Mo. App. 834, 14 S. W. (2d) 458 we had that situation. The plaintiff husband filed suit in this state and obtained service by publication on his wife who was

domiciled in Maryland and was living there with their two children. The defendant was a nonresident of Missouri and the children had never been within the state. The court held the trial court to be "without jurisdiction to fix the custody of the minor children who at the time are living with the nonresident defendant and are not domiciled in the state where the decrees rendered." The decisions in De la Montanya v. De la Montanya, 112 Cal. 101, 44 P. 345, and Boens v. Bennett, 20 Cal. App. (2d) 477, 67 P. (2d) 715 are to the same effect. And see Drew v. Drew (Mo. App.) 186 S. W. 858. In our opinion such rule is sound, but we find it is not applicable under the facts here.

The custody of minor children is comprehended under the term status because it involves "a legal personal relationship, not temporary in its nature nor terminable at the mere will of the parties, with which third persons and the state are concerned." Restatement Conflict of Laws, § 119.

The jurisdiction to adjudge the status or custody of a child is ordinarily determined by his domicile. The rule has been expressed that a state can exercise through its courts jurisdiction to determine the custody of a child only if the domicile of the child is within the state. Ibid. § 117. Upon separation of the parents the custody of their child can be given to either parent by a court of the state of domicile of the child. Ibid. § 146. Expressed differently, we find the rule announced that jurisdiction to determine the custody of a child is in the courts of the state where the child legally resides. 43 CJS., Infants, § 5.

Ordinarily the domicile or legal residence of a minor child is the same as that of the father. But where the father and mother separate and establish different domiciles the child usually takes the domicile of the parent with whom it lives in fact. Restatement Conflict of Laws, § 30, § 32. The latter is true in this state under Section 1526, R. S. 1939, Mo. RSA, which gives the right of custody of a child to the parent who has actual custody of it when the parents are living apart and pending an adjudication of custody. And see Callahan v. Callahan, 206 Ky. 444, 177 S. W. (2d) 565.

In this case, then, since the children were in the actual custody of the father their domicile was the same as his. His domicile was not changed from this State to California where he and the children were living at the time the suit was filed. As proof of this we have the judicial admission that he was "temporarily in the State of California and is detained there on account of ill health." Thus he retained his domicile in Missouri. Such being the case the children were also domiciled here, and the status as to their custody was a thing or res within the jurisdiction of the court even though the children were physically without the state. Since such status was within the court's jurisdiction, the court was authorized to deal with it, and the judgment awarding custody was a proper exercise of ju-

dicial power and therefore valid. And inasmuch as the status was within the jurisdiction of the court the fact defendant was served by publication did not deprive the court of jurisdiction. To the contrary such service was a step necessary to a judgment affecting the status. For cases supporting our conclusions see: Minick v. Minick, 111 Fla. 469, 149 So. 483; White v. White, 77 N. H. 26, 86 A. 353; Oxley v. Oxley, 159 F. (2d) 10. The same point is mentioned but not decided in People ex rel. v. Halvey, 330 U. S. 610.

In Hughes v. Hughes, 180 Ore. 575, 178 P. (2d) 170, the court held where both parents were residents of the state, and their child's absence from the state was only temporary [570] the court had jurisdiction to make an order awarding custody. We conclude the trial court had jurisdiction to make an award of the custody of the children under the facts present, and the award is valid.

■ We turn to the second question for decision: Did the court have jurisdiction to render a money judgment for maintenance and alimony against defendant without jurisdiction of his person but on service by publication?

We must hold the judgment allowing plaintiff $30 per month for support of each of the two children, $40 per month alimony, or a total of $100 per month, and $250 for attorney's fees is void for want of jurisdiction. A judgment ordering a defendant to pay over money may be validly rendered only when the court had jurisdiction of the person of the defendant. Pennoyer v. Neff, 95 U. S. 714.

Section 28 of the new Civil Code provides if a defendant served by publication does not appear that such service shall not warrant a general judgment against the defendant. 1943 Laws, 353, Mo. RSA., § 847.28.

Before the adoption of the new Civil Code it had long been the rule that a personal judgment for alimony on constructive service was void. Ellison v. Martin, 53 Mo. 575; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475; Elvins v. Elvins, 176 Mo. App. 645, 159 S. W. 746; Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495. And see: Chapman v. Chapman, 269 Mo. 663, 192 S. W. 448.

Accordingly we find the trial court was not authorized to enter a personal judgment against defendant for maintenance and alimony in this case since defendant was served by publication and did not appear.

■ The special appearance of defendant did not confer on the court jurisdiction of his person, or waive jurisdictional defects. State ex rel. Federal Reserve Life Ins. Co. of Kansas City, Kansas v. Wright, Mo. App., 88 S. W. (2d) 427; State ex rel. Sharp v. Knight, 224 Mo. App. 761, 26 S. W. (2d) 1011; State ex rel. Rakowsky v. Bates, Mo. App., 286 S. W. 429; State ex rel. Deems v. Holtcamp, 245 Mo. 655, 151 S. W. 153; Evansville Grain Co. v. Mackler, 88 Mo. App. 186; Huttig-McDermid Pearl Button Co. v. Springfield Shirt Co., 140

Mo. App. 374, 124 S. W. 1094. Waiver of jurisdictional defects has been further limited by the new Civil Code. See Sec. 66, § 847.66 Mo. RSA.

■ The judgment decreeing the divorce between the parties was not appealed from, so has long since become final. Sec. 1524, R. S. 1939, Mo. RSA., as construed with Sec. 129 of the new Civil Code, Mo. RSA., § 847.129, by State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S. W. (2d) 31. Section 1519, R. S. 1939, Mo. RSA., provides that when a divorce is adjudged the court shall make orders touching alimony, maintenance and custody of the children. The latter orders are collateral and are severable from the judgment of divorce so that an appeal from either one or the other or both will not disturb the divorce. In Laweing v. Laweing (Mo. App.) 21 S. W. (2d) 2 it was pointed out that a judgment for divorce is a permanent one while a judgment of alimony is never final in the sense it cannot be changed. That case held a new trial may be granted as to alimony alone without disturbing the judgment of divorce. This rule was followed in Schwer v. Schwer (Mo. App.) 50 S. W. (2d) 684, 686. We find the rule elsewhere that an appeal from an order as to alimony does not bring up the divorce decree for review. 27 CJS., Divorce, § 288. Section 1525 makes an order of custody likewise subject to change. We hold an appeal from such an order, although entered at the time of divorce does not disturb the judgment of divorce. Since the judgment of divorce has become final we need concern ourselves only with the order of alimony and with the order of maintenance and custody of the children in disposing of this appeal.

Accordingly, the judgment awarding plaintiff custody of the children should be *affirmed*. The judgment ordering defendant to pay maintenance and alimony should be *reversed*.

It is so ordered. All concur.