**Iris Carolyn MANKIEWICZ, Appellant,**

v.

**Richard D. MANKIEWICZ, Appellee.**

No. 2980.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 22, 1962.

Decided Feb. 21, 1962.

Maurice Friedman, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appellant wife sued for divorce on the ground of desertion and for the custody of her infant child. Service by publication was had on the husband, who did not appear at the trial but was represented by court-appointed counsel. The trial court found that the husband had deserted his wife and child more than two years before the action was filed, that the wife is a proper and fit person to have permanent custody of the child, which was then three years old and had continuously resided with and been in the physical custody of the mother in the District of Columbia. The court awarded plaintiff an absolute divorce, but because defendant had not been personally served with process, held that it had no jurisdiction to award custody of the child to the mother. The denial of custody is here for review.

Like many other aspects of divorce law this question has been the subject of a diversity of decisions, often depending on whether the dispute arose in divorce suits, habeas corpus cases, adoption proceedings, or in disputes involving conflict of laws. Some courts have said that the domicile of the child is controlling. Others have prescribed as the sole test the physical presence of the child in the divorce jurisdiction, or have made it a primary or alternative basis of custody jurisdiction. This court has held that custody jurisdiction does not depend upon personal service of process. Kraft v. Kraft, D.C.Mun.App., 155 A.2d 910.

That position is in harmony with the oft-quoted language of Judge Cardozo: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. * * * For this, the residence of the child suffices * * *." Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937. We note that in the case before us the residence and domicile of both the infant and the mother were in this jurisdiction. This was so in fact; it was likewise so in law, for when the father deserted the child, it took the domicile of the mother. Simonds v. Simonds, 81 U.S.App.D.C. 50, 154 F.2d 326. Thus this case is not like Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10, where it was held that our courts could not award a mother custody of children domiciled in North Carolina. We note that the court there held that when the father and mother have separate domiciles, minor children take the domicile of the parent with whom they actually live.

It has been said, correctly we think, that a proceeding to determine custody of a minor child is in the nature of an action in rem, the res being the child's status or his legal relationship to another, and that in an action for divorce against a nonresident spouse served by publication, the court has jurisdiction to award the resident plaintiff custody of minor children, if they are within the territorial jurisdiction. Nelson, Divorce § 15.32 et seq. (2d ed.).

We think the law is correctly stated in these words: "If the plaintiff has a domicile in the divorce state and has actual possession of the children within the divorce state, the divorce court has jurisdiction to award custody to the plaintiff even if the defendant is served constructively." 17A Am. Jur., Divorce and Separation § 813. This rule has been followed in a number of well considered decisions. State ex rel. Larson v. Larson, 190 Minn. 489, 252 N.W. 329; Hicks v. Hicks, 193 Ga. 446, 18 S.E.2d 754; Barnes v. Morash, 156 Neb. 721, 57 N.W.2d 783; Noble v. Noble (Ohio Com.Pl.) 160 N.E.2d 426; Beckman v. Beckman, 358 Mo. 1029, 218 S.W.2d 566, 9 A.L.R.2d 428; see also Matthews v. Matthews, 247 N.Y. 32, 159 N.E. 713. In one way or another the cases cited reflect the view that the relation of parent and child, like that of marriage, is a status, that an action for divorce where custody of children is sought is a proceeding in rem, and that constructive service is sufficient to bring the res before the court.

We are aware that the Supreme Court has held "that a mother's right to custody of her children is a personal right entitled to at least as much protection as her right to alimony," and that she could not be deprived of such custody on constructive service of process. May v. Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 843, 97 L.Ed. 1221. But it is necessary to consider the decisional background and the special and involved circumstances of that case. Husband and wife had their domicile in Wisconsin; the wife took the children for a visit to Ohio and decided to stay there; the husband sued in Wisconsin and on constructive service obtained a decree awarding custody to him; later he obtained the children and took them back to Wisconsin; still later they came back to Ohio for a visit with the mother and she refused to surrender them to the father. He filed a habeas corpus proceeding in Ohio, relying on the Wisconsin decree which had awarded him custody.

First, it is clear that the ultimate question decided by the Supreme Court was that the Full Faith and Credit Clause did not require Ohio, in disposing of custody of children in Ohio, to accept the disposition made by Wisconsin. No such question is here present, since there had been no prior litigation between these parties and there was no question of conflicting jurisdictions. It is also apparent that the mother's position was sustained because she was "neither domiciled, resident nor present" in Wisconsin when that state purported to adjudicate her custody rights, but was then in Ohio with her children. In this case, as we have seen, the mother had actual and uninterrupted physical custody of the child in this jurisdiction, where they had been abandoned by the husband. The Supreme Court "did not hold that the state of the child's domicile would have *no jurisdiction to make an award of custody*." In Re Adoption of a Minor, 94 U.S.App.D.C. 131, 133 (footnote 4), 214 F.2d 844, 846.

Nor is a different result required by Meredith v. Meredith, 96 U.S.App.D.C. 355, 356, 226 F.2d 257, 258, where it was said that "the right to custody of children is similar to" the right to maintenance. The United States Court of Appeals did not hold, or even intimate, that when a husband has abandoned his wife and child in their matrimonial domicile here and moved to another jurisdiction, our courts are powerless to consider the mother's claim to custody except when the father is personally served with process.

Such a rule would enable an absconding spouse to forever defeat the innocent parent's claim to custody, merely by staying

out of the District of Columbia. It would leave parental rights floating in mid-air and would create the anomalous and anguishing result of a parent having physical custody of a child but no right to such custody in law, or even the right to claim such custody. There is already more than enough confusion and unreality in divorce laws; we decline to add to it by imposing so harsh and unnecessary a stricture on innocent parents in this jurisdiction.

It has many times been said, and it is generally understood and accepted, that the state has a responsibility for the welfare of children within its borders. See Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153; Wells v. Wells, 11 App.D.C. 392; Finlay v. Finlay, supra. But we need not base our decision primarily on that broad social concept. We are satisfied that the facts of this case established the essential ingredients of jurisdiction, under the applicable principles of law.

Reversed with instructions to award custody to appellant.