STATE of Missouri on the Relation of Richard William WARMUTH, Relator,

v.

Honorable Robert Lee CAMPBELL, Judge, Div. 15, Twenty-First Judicial Circuit, in and For St. Louis County, Respondent.

No. 33075.

St. Louis Court of Appeals, Missouri.

July 16, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 4, 1968.

Application to Transfer Denied Oct. 14, 1968.

Paul H. Schramm, Clayton, Dearing, Richeson, Weier & Roberts, R. A. Wegmann, Hillsboro, for relator.

Maniscalco & Clancy, Clayton, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

DOERNER, Commissioner.

This in an original proceeding in prohibition in which the relator, Richard William Warmuth, challenges the jurisdiction of the respondent Judge to proceed in a suit brought by Mrs. Georgann Warmuth for a divorce and custody of the parties' minor children. The basis of Mr. Warmuth's challenge is a prior decree of divorce and custody granted to him by the Supreme Court of the State of New York, Queens County, and the question presented is the extent to which we must give full faith and credit to that decree.

Mr. and Mrs. Warmuth were married on April 1, 1960, in San Francisco, at which time Mr. Warmuth was on active duty in the United States Navy. Two children were born of their marriage, Donna, on February 26, 1961, and Susan, on June 12, 1963. The couple separated on or about May, 1965, apparently in Charleston, South Carolina, where Mr. Warmuth was then stationed. Immediately following the separation, and until January 5, 1966, the children were in the custody of Mrs. Warmuth. On that day, while Mrs. Warmuth was in the Naval hospital in Charleston, and the children in charge of a baby-sitter, Mr. Warmuth obtained custody of the children and took them to the home of his parents in Forest Hills, New York. It is a fair inference from the record that Mr. Warmuth assumed custody of Donna and Susan without obtaining Mrs. Warmuth's consent to do so. Subsequently he was discharged from service and took up his abode in Forest Hills with his parents and the children.

On October 22, 1966, Mrs. Warmuth, with the assistance of an unnamed man, seized the children while they were playing on the sidewalk in front of the Warmuth home in Forest Hills and brought them to her home in St. Louis County, where they have since resided.

Thereafter Mr. Warmuth filed his action for divorce and custody of the children in the Supreme Court of New York, Queens County, on December 13, 1966, and obtained constructive service on Mrs. Warmuth by publication. After a hearing on April 27, 1967, an interlocutory decree was entered on May 12, 1967, dissolving the marriage and awarding him custody of Donna and Susan. The decree provided that it was to become the final judgment as of course three months after the entry and filing thereof unless the court for sufficient cause should order otherwise. Mrs. Warmuth did not enter her appearance in that action and the interlocutory decree was entered by default.

In the meantime, on March 30, 1967, Mrs. Warmuth filed her suit for divorce in the Circuit Court of St. Louis County, Missouri in which she asked for custody of the children. Service by registered mail was obtained on Mr. Warmuth on April 18. On April 27, 1967, he appeared specially and filed a motion to dismiss, alleging therein that there was another action for divorce and custody pending in the Supreme Court of New York, Queens County, and that the court was therefore without jurisdiction over the subject matter or the parties. On June 14, 1967, Mr. Warmuth filed an amended motion to dismiss in which he pleaded the interlocutory decree of the New York court entered on May 12, alleged that the Circuit Court of St. Louis County thereby lacked jurisdiction of the subject matter and the parties, and averred that under the Constitution of the United States that court was bound to give full faith and credit to the New York decree of divorce and child custody. Mrs. Warmuth,

on June 23, 1967 filed an amended petition containing two counts. In Count I she prayed for a decree of divorce and for custody of the children; and in Count II she invoked the equitable powers of the court and asked for a decree of custody of Donna and Susan. Service of the amended petition by mail was attempted on June 27, 1967.

With matters in that state a hearing was held on July 14, 1967 on Mr. Warmuth's amended motion to dismiss, at the conclusion of which the respondent Judge entered an order overruling the same. Thereafter the registered letter containing a copy of Mrs. Warmuth's amended petition and the summons was returned to the clerk of the circuit court, undelivered. The interlocutory decree granted Mr. Warmuth by the New York court became final on August 13, 1967. On Mrs. Warmuth's application an order for service by publication was made in her action, proof of publication was filed on August 24, and on September 21, 1967 Mr. Warmuth filed his petition in this court.

■ Relator contends that the decree of the Supreme Court of New York granting him a divorce and custody of the children is entitled to full faith and credit in Missouri, and that the respondent Judge is without jurisdiction to entertain or to proceed to hear and determine either of the counts in Mrs. Warmuth's amended petition. As to Count I, we agree, for the New York decree of divorce is entitled to full faith and credit. It is undisputed that Mr. Warmuth was domiciled in New York, and each state has a right to decide the marital status of its own residents. Trumbull v. Trumbull, Mo.App., 393 S.W.2d 82; Coffey v. Coffey, Mo.App., 71 S.W.2d 141. The Supreme Court of New York is a court of general jurisdiction, its decree is regular on its face, and it is therefore accorded a prima facie validity. Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146; Trumbull v. Trumbull, supra. Counsel for Mrs. Warmuth, who appear in behalf of respondent in this proceeding, do not in any way challenge the rebuttable presumption of the validity of the New York decree so far as the divorce is concerned nor did they do so in the circuit court. It has been the consistent policy of the courts of this state to give full faith and credit to the decrees of divorce of sister states and to recognize the validity of such foreign divorces. Wright v. Wright, 350 Mo. 325, 165 S.W.2d 870; Howey v. Howey, Mo., 240 S.W. 450; Howard v. Strode, 242 Mo. 210, 146 S.W. 792.

■ It does not follow, however, that we must give full faith and credit to that part of the New York decree awarding custody of the children to Mr. Warmuth. Before he instituted his action in New York Mrs. Warmuth regained custody of the children. Under our law she then had as good a right to their custody as Mr. Warmuth had. Section 452.120, RSMo 1959, V.A.M.S.; State v. Huhn, 346 Mo. 695, 142 S.W.2d 1064; Daugherty v. Nelson, 241 Mo.App. 121, 234 S.W.2d 353. Since then the children have resided with Mrs. Warmuth at her domicile in Missouri, which became their domicile, Beckman v. Beckman, 358 Mo. 1029, 218 S.W. 2d 566, and have never been in the State of New York. As discussed in 9 A.L.R. 2d 434, three theories have been developed by the courts of our sister states regarding their jurisdiction to make an award of custody of a minor child when he is outside the state. Under the first, it is held that in personam jurisdiction over the parents is sufficient, regardless of the domicile or whereabouts of the child. The second theory is that the physical presence of the child in the state is sufficient to give jurisdiction. And the third treats the question as simply one of status and as subject to the control of the courts of the state where the child is domiciled. In re Rice, Mo.App., 316 S.W.2d 329. In the Restatement the position is taken that the state of the

child's domicile is the only one which has jurisdiction to award custody. Restatement of the Law, Conflicts, §§ 117, 145–148.

In Beckman v. Beckman, 358 Mo. 1029, 218 S.W.2d 566, our Supreme Court en banc adopted the domicile theory, and held that where the husband and wife were both domiciled in Missouri the status as to custody of their children was a res within the jurisdiction of the Missouri court in a divorce case, even though the children were temporarily residing with their father in California. In keeping with the theory of domicile followed in Beckman, the courts of our state have refused to recognize or give full faith and credit to decrees of other states awarding custody to one parent when the child involved was domiciled and residing with the other parent in Missouri. In re Rice, Mo.App., 316 S.W.2d 329; Daugherty v. Nelson, 241 Mo. App. 121, 234 S.W.2d 353. Consistently, it has also been held that where a child was domiciled with a parent in another state the Missouri court lacked jurisdiction to award custody to the parent who brought an action for divorce in Missouri. Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458. Accordingly, we hold that since the children were domiciled in Missouri the New York court was without jurisdiction to award their custody to Mr. Warmuth, and that we are not required to give full faith and credit to that part of the New York decree. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; Beckman v. Beckman, supra; In re Rice, supra; Daugherty v. Nelson, supra.

It is also urged by Mr. Warmuth that respondent is without jurisdiction to hear and determine Count II of Mrs. Warmuth's amended petition since an action for divorce is of statutory origin, and in such an action an award of custody can only be made when a divorce is granted. The obvious fallacy in that argument is that the cause of action set forth in Count II of the amended petition is not one for divorce and the right to custody which she prays is not sought as an incident to a divorce. What Mrs. Warmuth invokes in that count, as described by the Supreme Court in State ex rel. Stone v. Ferriss, Mo., 369 S.W. 2d 244, 250, is the equitable jurisdiction of the court to grant her a decree awarding her custody of the children irrespective of the outcome of her prayer for a divorce in Count I. In the interests of the welfare of a child, his life, health, and moral and intellectual well-being, courts of equity have inherent jurisdiction to determine his care, custody and control. Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286; State ex rel. Stone v. Ferriss, supra; Stone v. Stone, Mo.App., 378 S.W.2d 824. Hence respondent does have jurisdiction to hear and determine Count II of Mrs. Warmuth's amended petition.

For the reasons stated our preliminary writ of prohibition heretofore issued is made absolute as to Count I of Mrs. Warmuth's amended petition and quashed as to Count II. And in light of the results reached, one-half of the costs of this proceeding are taxed against Mr. Warmuth and one-half against Mrs. Warmuth. State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S.W.2d 558; State of Missouri ex rel. Woods v. Kirkwood, Mo. App., 426 S.W.2d 690.

ANDERSON, P. J., not participating.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, preliminary writ of prohibition issued made absolute as to Count I of Mrs. Warmuth's amended petition and quashed as to Count II. One-half of costs of proceeding taxed against Mr. Warmuth and one-half against Mrs. Warmuth.

RUDDY, Acting P. J., WOLFE, J., and JACK A. POWELL, Special Judge, concur.