**STATE of Missouri ex rel. Janet DORN, Relator,**

v.

**Hon. Robert E. MORLEY, Magistrate of Division No. I, City of St. Louis, Missouri, and Oscar Stein, Respondents.**

**No. 54331.**

Supreme Court of Missouri,
En Banc.

July 21, 1969.

Richard D. Baron, St. Louis, for relator.

Raymond F. McNally, Jr., St. Louis, for The Bar Association of Metropolitan St. Louis, Movant.

HOLMAN, Judge.

This is an original proceeding by certiorari, at the relation of Janet Dorn in which she seeks to have us quash a judgment entered by Hon. Robert E. Morley, Magistrate of Division I of the Magistrate Court of the City of St. Louis. In response to our writ Respondent Morley filed a return certifying a complete transcript of the record and proceedings in the cause of Oscar Stein, Plaintiff, vs. Janet Dorn, Defendant.

The transcript discloses that Oscar Stein filed a suit for rent and possession against relator on August 28, 1968. He sought a judgment for possession of certain premises located at 3728a Aldine in St. Louis and to recover the sum of $30 which was one month's rent for said premises. On September 10 the constable made a return that relator was "not found" in the City of St. Louis.

Section 535.030 [1] reads as follows:
"1. Such summons shall be executed at least five days before the return day thereof, either:

(1) By reading the summons to the defendant; or

---

1. All statutory references are to RSMo 1959, V.A.M.S.

(2) By delivering him a copy of the summons; or

(3) By leaving such copy at his usual place of abode, with some member of his family above the age of fifteen years.

2. If the officer shall return that the defendant is not found, or that he has absconded or absented himself from his usual place of abode in this state, it shall be the duty of the magistrate before whom the proceeding is commenced to make an order directing that notices shall be set up for ten days, in four public places in his county, informing the defendant of the commencement of proceedings against him. And on proof of the notice by affidavit of some competent witness, the magistrate shall proceed to hear the case as if there had been personal service, and judgment shall be rendered and proceedings had as in other cases."

Apparently, in compliance with paragraph 2 of said section, the Magistrate, on September 18, made an order of "Publication of Notice" directed to relator which the constable posted for ten days in the following public places in St. Louis: (1) Ninth District Police Station, (2) Eighth District Police Station, (3) Civil Courts Building, and (4) a city firehouse. On October 4 (the return date) judgment by default was entered against relator for $30 and for restitution of the premises. Execution issued on October 14 and on the next day relator was notified that she must vacate the premises. It is stated in the brief that this is the first notice she had of the suit. The possession of the premises was restored to Mr. Stein and hence that part of the judgment is not involved here.

■ We agree with the contention of relator that the personal judgment rendered against her for $30 and costs is void because there had been no personal service of summons upon her. The rule is elementary. It has always been the law of this state that a personal judgment cannot be rendered against a defendant (in the absence of his general appearance) unless there had been personal service of summons upon him for the required period of time before the return day. That rule has been so firmly established that it has rarely been challenged and hence there are not many cases discussing it. The following are sufficient to support our conclusion: Wilson v. St. Louis & S. F. Ry. Co., 108 Mo. 588, 18 S.W. 286, l. c. 294; State ex rel. McIndoe v. Blair, 238 Mo. 132, 142 S.W. 326 [1]; Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566 [10], 9 A.L. R.2d 428; State ex rel. Perrine v. Keirnan, 361 Mo. 871, 237 S.W.2d 156 [2]; In re Barger, Mo.App., 365 S.W.2d 89. Such service is required by the due process clauses of both the State and Federal Constitutions.

■ The meaning of § 535.030(2) relating to the procedure to be followed after notice by publication and proof thereof is not entirely clear. However, to the extent that it may be construed to authorize a personal judgment such as the one entered against relator, it is unconstitutional and void.

Relator has also briefed the contention that § 535.030(2) is unconstitutional because it does not provide a method of giving notice which is reasonably calculated to inform a defendant of the pendency of the suit as required for due process. It is suggested that available methods which would likely provide actual notice in a case of this nature are notice by registered mail addressed to the defendant at the premises in question, or the posting of a notice upon those premises. Since we have held that the personal judgment is void, and since the validity of the restitution judgment is not in question in this suit, we do not think we should rule this general attack upon the second paragraph of the statute. However, we make the observation that there was very little possibility that relator would receive actual notice of the suit by reason of the notices posted in this case.

The requirements of due process in this situation are stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, and Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178. In the situation presented the General Assembly may consider it advisable to amend § 535.030(2) in order to provide a method of service which would be more reasonably calculated to provide actual notice. Until that is accomplished magistrates may consider it prudent to order some form of service more reasonably calculated to provide actual notice, in addition to that required by § 535.030(2).

For the reasons indicated the judgment entered against relator for the sum of $30 and costs is void and it is ordered that said judgment be and it is hereby quashed.

All concur.