**STATE of Missouri ex rel. Leila WILLIAMS, a/k/a Leila Swift, Relator,**

**v.**

**Hon. Melvyn W. WEISMAN, Magistrate, and United Contractors, Inc., Respondents.**

**No. 54332.**

Supreme Court of Missouri,

En Banc.

July 21, 1969.

Harold E. Scheppner, Jr., St. Louis, for relator.

Gene B. Rosen, St. Louis, for United Contractors, Inc.

John C. Danforth, Atty. Gen., Jefferson City, William L. Culver, Asst. Atty. Gen., Richard L. Wieler, Asst. Atty. Gen. amicus curiae.

HOLMAN, Judge.

This is a companion case to State ex rel. Dorn v. Morley, 442 S.W.2d 929 (handed down concurrently herewith). It is an original proceeding by certiorari at the relation of Leila Williams in which she seeks to have us quash a judgment entered by Hon. Melvyn W. Weisman, Fifth District Magistrate of St. Louis County, Missouri. Respondent Weisman has filed a return showing the proceedings in the case of United Contractors, Inc., Plaintiff, vs. Leila Williams, Defendant.

United filed an unlawful detainer suit against relator on May 22, 1968, in which it sought possession of the premises located at 5652 Monroe, City of Kinloch, and a judgment for damages. On June 3, 1968, the constable made a non est return.

Section 534.090 [1] provides, in part, as follows:

"1. Such summons shall be executed at least five days before the return day thereof, either

(1) By reading the complaint and summons to the defendant; or

(2) By delivering him a copy of the complaint and summons; or

(3) By leaving such copy at his usual place of abode, with some member of his family over the age of fifteen years.

"2. If the plaintiff allege in his complaint, under oath or by separate affidavit, that the defendant has absconded or absented himself from his usual place of abode in this state, or if the officer shall return that the defendant is not found, or has absconded or absented himself from his usual place of abode in this state, and if the plaintiff has stated in his complaint, under oath or by separate affidavit, the last known address of the defendant, the magistrate shall make an order for service by mail and the judge or clerk shall serve a copy of the summons and a copy of the petition by registered mail at least ten days before the return date thereof, requesting a return receipt signed by the addressee only, addressed to the defendant at the address furnished by the plaintiff.

"3. If the last known address of the defendant is not given, it shall be the duty of the magistrate before whom the proceedings is commenced to make an order directing that notices shall be set up for ten days in four public places in the township, ward or district where the property is situated."

Apparently, there was no order made for service by mail, but on June 6 an "Order of Publication" was made which was executed by the posting of four notices as provided in § 534.090(3). On July 3, 1968,

the return day, judgment by default was entered against relator (apparently in accordance with § 534.130 et seq.) for restitution of the premises and for $440, double the sum found for plaintiff's damages and for double the sum found for rent per month from July 3, 1968, until restitution, and for costs. Execution issued on July 19, 1968. At some unspecified date thereafter possession of the premises was restored to United and hence that part of the judgment is not in issue.

The contention of relator in regard to the personal judgment is the same as that presented and ruled in the Dorn case and that ruling is decisive of this case.

For the reasons stated in Dorn the judgment entered against relator for the sum of $440 damages and for future rents and costs is void and it is ordered that said judgment be and it is hereby quashed.

All concur.

---

1. All statutory references are to RSMo 1959, V.A.M.S.