**James Christian MORGAN, Appellant,**

**v.**

**Ethyl Mildred MORGAN, Respondent.**

**No. KCD 28492.**

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

Lester E. Adams, Jr., Kansas City, for appellant.

Mary K. Andersen, Kansas City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

In this suit for dissolution of marriage the court awarded custody of three minor children to the wife and ordered the husband to pay periodic child support. The sole issue on appeal is whether the trial court had jurisdiction to make those determinations.

The parties were married in Canada in 1947. The husband's petition in this case states that the parties lived there until sometime preceding July, 1970. The husband's brief states, and the wife's brief accepts the statements, that the parties came with their children from Canada to live in Missouri; that the parties separated; and that after the separation the wife took the children and returned to live in Canada.

The husband then filed this suit for dissolution of marriage and caused the wife to be served by Registered Mail. She filed answer and cross-petition; and when the case was reached for trial she, but not the children, returned to be in attendance.

When the case was called for hearing, the husband's counsel moved that no orders be made for child support because of lack of jurisdiction in that the children were neither domiciled nor physically present within Missouri. That motion was overruled. After entry of judgment, the husband filed motion for reconsideration of the orders as to child custody and support based on the same alleged lack of jurisdiction. This motion was also overruled.

Of the husband's five Points on Appeal, only two are in form sufficiently complying with Rule 84.04(d) to be entitled to consideration. These are Point II, which alleges error in overruling the husband's jurisdictional objection at the commencement of the proceeding, and Point IV which assigns error in overruling the husband's motion for reconsideration. It may be noted in passing that the husband's other three points, though defective in form, also all aim basically at the same jurisdictional objection.

The husband's jurisdictional objection in this case is completely answered by the exhaustive opinion on this subject by Judge Cross of this court in *Kennedy v. Carman*, 471 S.W.2d 275 (Mo.App.1971). That opinion approved § 79 of Restatement Second, Conflicts of Law, as being consistent with and merely declaratory of the Missouri case law. That section states that "[a] state has power to exercise judicial jurisdiction to determine custody . . . of the person of a child . . . (c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state." See also to the same effect, *Searles v. Searles*, 495 S.W.2d 759 (Mo.App.1973).

Here the husband is the party who brought suit, and the wife answered and appeared personally before the Missouri court. The trial court therefore had in personam jurisdiction over both parents, and accordingly under the rules stated in *Kennedy*, it had jurisdiction to make the orders in question relative to child custody and maintenance.

Affirmed.

All concur.