**James G. BRIDGES, Respondent,**

v.

**Olandrea S. BRIDGES, Appellant.**

**No. 38477.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 18, 1977.

Appellant's Motion for Rehearing or for Transfer to Court En Banc or Transfer to Supreme Court Denied
Dec. 16, 1977.

---

Armstrong, Teasdale, Kramer & Vaughan, Justin C. Cordonnier, St. Louis, for appellant.

Wasinger & Parham, Marion F. Wasinger, Hannibal, for respondent.

McMILLIAN, Judge.

Appellant Olandrea S. Bridges appeals from a judgment of the Hannibal Court of Common Pleas, dissolving the marriage of appellant and respondent, James G. Bridges, § 452.305 RSMo Supp.1975, and granting custody of the couple's daughter to respondent, § 452.375, RSMo Supp.1975. Appellant attacks only the award of custody on the ground that the trial court did not have personal jurisdiction over her at the time the petition was filed. We hold the court of common pleas had the necessary jurisdiction and, accordingly, affirm.

James and Olandrea Bridges were married on December 2, 1973, while Mr. Bridges was a member of the Armed Services. One child, Lisa, was born on May 28, 1974. Mr. Bridges was discharged in November of 1974 and he, Olandrea, and Lisa returned to his permanent address in Hannibal, Missouri. On January 9, 1975, Mrs. Bridges took Lisa, without telling her husband, and went to her aunt's home in St. Louis, Missouri. Later, on the night of January 9, she and Lisa flew to her parent's home in Delaware, where Mrs. Bridges has remained.

On January 9, after his wife had left, James Bridges met with his attorney and

prepared a petition for dissolution of marriage. This petition was filed on January 15, 1975, and, after hearings, the Hannibal Court of Common Pleas in Missouri, rendered a decree on June 2, 1975, granting a dissolution of marriage and awarding custody of Lisa to Mr. Bridges. Mrs. Bridges filed a petition in the Family Court of Delaware seeking custody of Lisa on January 10, 1975. That court rendered a judgment on March 10, 1975, granting Mrs. Bridges custody of Lisa. In a habeas corpus proceeding brought by Mrs. Bridges in the Circuit Court of the Tenth Judicial Circuit of Illinois,[1] however, the Delaware court order was held to be defective because of improper service on Mr. Bridges. The Illinois court denied Mrs. Bridges relief on the ground that the Missouri order of custody was valid and entitled to full faith and credit.

In this appeal Mrs. Bridges questions only the award of custody by the Hannibal court of common pleas. Her sole argument is that because the trial court did not have personal jurisdiction over her when the petition was filed, the custody award to Mr. Bridges is invalid.

■ We must sustain the trial court's judgment "unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law," *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976) and Civil Rule 73.01, V.A.M.R. Keeping this in mind, we turn to the merits of the appellant's argument.

■ A court may adjudicate the custody of a child " '. . . (a) who is domiciled in the state, or (b) who is present in the state, or (c) . . . if the controversy is between two or more persons who are personally subject to the jurisdiction of the state.' " *Kennedy v. Carman*, 471 S.W.2d 275, 282 (Mo.App.1971); *Morgan v. Morgan*, 542 S.W.2d 617, 618 (Mo.App.1976). There are two possible theories to sustain the trial court's determination of custody, both of which depend upon a finding that Olandrea

Bridges was domiciled in Missouri when the petition was filed with the court of common pleas. A child's domicile is presumed to be the same as that of her custodial parent. *Beckmann v. Beckmann*, 358 Mo. 1029, 218 S.W.2d 566, 569 (1949). At the time the action was filed, January 15, 1975, Lisa was in the custody of her mother. Therefore, if Mrs. Bridges was a domiciliary of Missouri, so was Lisa and the court had jurisdiction under the first instance listed above. In addition, if Mrs. Bridges is a domiciliary of Missouri, the court would have had personal jurisdiction over both parties to the controversy as stated in the third circumstance listed above. Because Mr. Bridges is undisputably domiciled in Missouri, the trial court has jurisdiction over him; and if Mrs. Bridges was a domiciliary of Missouri at the time the petition was filed, the court had jurisdiction over her pursuant to Civil Rule 54.07, V.A.M.R. Rule 54.07 provides that service outside the state is sufficient to authorize a general judgment in personam upon any person who was domiciled in the state at the time of the commencement of the civil action, which in this case is January 15, 1975, the date the petition was filed.

We find that on January 15, 1975, when the cause of action commenced, appellant was a domiciliary of Missouri. It is clear that she was a domiciliary on January 9 for her husband had been a domiciliary of Missouri throughout and after his service in the Army, and a woman's domiciliary is the same as her husband's. *Cox v. Cox*, 488 S.W.2d 275, 277 (Mo.App.1972). We do not find that the evidence was sufficient as of January 15, 1975, to show that she abandoned this domicile and established a new one.

■ Two things are necessary to establish a new domicile: presence in the new location and an intent to remain there, making that location one's permanent residence. *In re Estate of Ritter*, 518 S.W.2d 453, 456 (Mo.App.1975); *Fowler v. Clayton Sch. Dist.*, 528 S.W.2d 955, 957 (Mo.App. 1975).

---

1. The Illinois court apparently obtained jurisdiction to hear the habeas corpus petition because of Mrs. Bridges' allegation that her husband was residing in Pekin, Illinois. It is not clear from the record how this claim was substantiated but we assume from other testimony that Mr. Bridges was residing in Hannibal, Missouri through January 15, 1975.

While appellant was in Delaware on January 15, she has not presented sufficient evidence of her intent, as of January 15, to remain in Delaware. Mrs. Bridges was a nineteen year old, newly-married woman who had experienced severe mental and emotional problems for several years. As of January 15, she had been away from her home and husband for less than one week and had left all of her clothes and belongings at her home in Missouri. In addition, the evidence shows that she did not set up housekeeping in Delaware but moved in with her parents and that she did not secure permanent employment but only a part-time waitressing job at $15 per week. There is no evidence that she attempted to register to vote or obtain a Delaware driver's license. Appellant argues that on January 10, 1975, when she filed a petition for divorce, listing her residence as "Box 24, Magnolia, Delaware," she demonstrated an intent to make Delaware her home. In fact, however, she listed her address as "c/o Jean Wescott, Box 24, Magnolia, Delaware." We do not agree that this is a sufficient indication of intent to overcome the other evidence before the court. This reference indicates an unsettled intention at best: that while Mrs. Bridges may not be at the given residence she may be reached through someone living there.

From these facts the trial court was justified in finding that, when the petition was filed and the cause of action commenced, appellant was a resident of Missouri. We note that with the hindsight of the two-and-one-half years since this cause of action commenced, it may appear that, in fact, on January 15, 1975, appellant was no longer domiciled in Missouri. But the statute, Civil Rule 54.07(a)(2), V.A.M.R., and our precedents in *Beckmann v. Beckmann,*

supra, 218 S.W.2d at 569, do not allow this vantage or viewpoint and for good reason. To require a court to assess the domicile of the parties at a stage in the proceedings later than the commencement of the cause of action would allow, if not encourage, a party to the suit to re-establish a domicile in the state most advantageous to her litigious interest.

Because we find that Mrs. Bridges was a domiciliary of Missouri at the time the cause of action commenced, we find that the trial court had jurisdiction to determine the custody of Lisa Bridges for either of two reasons: Lisa was a domiciliary of Missouri, *Beckmann v. Beckmann,* supra, at 569, or the controversy was between two or more persons who are personally subject to the jurisdiction of the state, Civil Rule 54.07, V.A.M.R.[2] Therefore, the trial court's judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

**2.** For the intellectually curious, the respondent has set forth a second theory to sustain this judgment but which the court found unnecessary to rule upon. The respondent maintains that Civil Rule 54.06(b), V.A.M.R., which grants long arm jurisdiction over a person who lived in lawful marriage within the state for ". . . all civil actions for divorce or separate maintenance and all obligations arising for alimony, child support, attorney fees, suit money, or property settlement, if the other party to

the lawful marriage continues to live in this state." The rule does not specifically include child custody in its enumerations. The question is whether the rule implicitly includes jurisdiction over the child custody issue as part of "all civil actions for divorce" and whether the requirement of minimum contact is satisfied as in the case of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).