Tofle, Mack & Oxenhandler, Marvin Tofle, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, James G. Gregory, Pros. Atty., Montgomery City, for respondent.

B. W., Petitioner-Respondent,

v.

F. E. W., Respondent-Appellant.

No. 38383.

Missouri Court of Appeals,
St. Louis District,
Division 4.

Jan. 10, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

John D. Connaghan, St. Louis, for respondent-appellant.

Milton Schaeffer, Clayton, for petitioner-respondent.

SNYDER, Judge.

This is an appeal by the husband, respondent in the trial court, from a decree entered June 30, 1976 by the Circuit Court of St. Louis County which, among other rulings, dissolved the marriage of the parties, awarded custody of three minor children to the wife and divided the marital property. The husband contends that the trial court erred in: (1) failing to make a finding that the marriage was irretrievably broken; (2) failing to set off to the wife her equity in real property owned by the parties and failing to dispose of an encumbrance on the real property; (3) failing to make any custody or child support award in the case of D. R. W., a child born during the marriage; and (4) awarding custody of the minor children to the wife without a more extensive hearing on the custody issue.

The parties were married in January of 1970. The wife had three children at the time of the marriage. The children were subsequently adopted by the husband. The parties separated in July of 1974, and the wife's petition for dissolution was filed on August 20, 1974. In September of 1974, before the divorce was granted, the wife became pregnant and in due time gave birth to a daughter, D. R. W. The wife's testimony was that a man not her husband was the father.

We review this case upon both the law and evidence giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(3). This has been construed to mean that the decree of the trial court "will be sustained * * * unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.banc 1976).

The trial court in its decree failed to find that the marriage was irretrievably broken, the decree stating only "Decree of Dissolution granted." Section 452.320, RSMo Supp.1975 imposes a statutory duty on the court to "make a finding whether or not the marriage is irretrievably broken." Paragraph 1 of § 452.320 requires this finding to be made even though both parties state under oath that the marriage is irretrievably broken or when one party so states and the other party does not deny it. Paragraph 2 of § 452.320 sets forth the procedures which must be followed if one of the parties denies under oath or affirmation

that the marriage is irretrievably broken and specifies the facts which must be proved in order to find irretrievable breakdown after denial by one of the parties. Although the husband in his answer denied that the marriage was irretrievably broken, his testimony under oath at the trial could have been construed by the trial court as refuting or overcoming the denial of irretrievable breakdown in the answer. We defer to the trial court's opportunity to judge the credibility and demeanor of the witness when he testified on this point and hold that under all the evidence the husband did not finally deny that the marriage was irretrievably broken. Nonetheless, the husband's contention that the court erred in failing to make a specific finding that the marriage was irretrievably broken is correct and the cause must be remanded for this reason.

■ An even stronger reason for remand is the failure of the court to make any order relating to the fourth child, D. R. W., born during the marriage. Two issues arise relating to this fourth child. Is she legitimate and if so, must the court make an award of custody? Her existence was not disclosed in the pleadings nor in the testimony at the trial but only in the deposition of the wife which was received in evidence and became a part of the trial record. The child was conceived in September of 1974 and born June 24, 1975, a year before the decree of dissolution was granted. The wife denied that her husband was the father of the child and there was evidence to the effect that he was not, but no finding was made as to her legitimacy. "The strongest presumption known to law is that a child born in wedlock is the child of the marriage. (citing) The presumption may be rebutted." *J.M.L. v. C.L.*, 536 S.W.2d 944, 945 (Mo.App.1976). The fact of the child's existence was before the court. If indeed the child is a child of the marriage and the evidence justifies it, the court must award custody and provide for her support as it did for the other three children of the parties. The court erred in failing to make a finding as to the legitimacy of the child.

■ If she is found to be a child of the marriage, it is mandatory that the court make an award of custody in the dissolution decree. An award of custody was required under the old divorce law. In *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974), the court said, "The court in a divorce action has the statutory duty to award the custody of the minor children of the parents and is enjoined to make such orders touching their maintenance and support as shall be reasonable in view of the circumstances of the parties and the nature of the case."

■ The repealed law which was in effect when *Rodgers v. Rodgers* was decided reads in part, " * * * the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as * * * shall be reasonable * * *." § 452.070, RSMo 1969. The new dissolution statute has a separate section on custody alone, § 452.375, RSMo Supp.1975, which contains the following language, "The court shall determine custody in accordance with the best interests of the child." We construe this as a direction to make an award of custody of all minor children in dissolution cases. The same compelling reasons which existed when the old law was in effect for requiring the courts in dissolution cases to dispose of matters relating to minor children of the parties are present today. The best interests of children from broken homes require that the courts determine custodial questions and provide for support when justified by the evidence so that the maximum stability and security possible under the circumstances can be provided for them.

■ There is no merit in the husband's claim that the court erred in failing to apportion to the wife her equity in the real estate and to dispose of the encumbrance on the property. The trial court heard the evidence as to the marital property from each party and made the division based on that evidence. There was no abuse of discretion. Contrary to the husband's contention, the decree of dissolution in fact granted to the wife a one-half interest in the real

property owned by the parties. There is no requirement that the court "dispose" of an encumbrance on real property.

 Nor did the court abuse its discretion in awarding custody of the minor children to the wife without a more extensive hearing. If the husband felt a more extensive hearing was needed, he should have offered more evidence at the time of the trial. There was sufficient evidence before the court to enable it to make a custody decision based on the best interests of the children.

Reversed and remanded for further proceedings on the questions of irretrievable breakdown and the status of D. R. W., the minor child born during the marriage.

SIMEONE, P. J., and DOWD, J., concur.