**In re the Marriage of Ray L. MAY, Petitioner-Respondent,**

**and**

**Joyce A. May, Respondent-Appellant.**

**No. 12991.**

Missouri Court of Appeals, Southern District, Division Three.

Jan. 9, 1984.

Lloyd G. Briggs, Sr., Briggs & Briggs, Sikeston, for petitioner-respondent.

Rebecca McDowell Cook, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondent-appellant.

GREENE, Chief Judge.

In February of 1981, Ray L. May petitioned to dissolve his marriage of 24 years standing to Joyce A. May. In her crossbill, Joyce requested a division of marital property and maintenance. This was followed by her motion for temporary maintenance and attorney fees.

In ruling on the motion, Joyce was granted temporary possession of the family home, a 1973 Mercury automobile, and $12,169 cash. Sixteen months later, after two changes of judge and a change of attorney by Joyce, the trial court entered a decree dissolving the marriage, awarding certain items of real and personal property to each party as a marital property division, and decreed that Joyce should receive $7,500 cash for her own benefit and $1,500 attorney fees.

Property divided by the trial court included real estate in two states, furniture, guns, automobiles, boats and motors, cash, certificates of deposit, and other items. The court did not place any monetary value on any of these items at the time of the dissolution decree, and failed to divide all of the property, including an automobile. In addition, the decree did not specify whether the $7,500 awarded Joyce was intended to be maintenance in gross, or was granted to secure an equitable division of the marital property. The decree is silent on the question of maintenance.

While there may be instances where an appellate court should retain jurisdiction in a controversy of this type, even though the decree is silent as to the value of specific items of marital property divided by the trial court [see *In re Marriage of Dusing,* 654 S.W.2d 938, 944–945 (Mo.App.1983)], this is not the type of case where that should be done. In *Dusing,* the trial court made a finding of fact that the values of the items of marital property were those listed on an appraiser's list introduced in evidence, except as were agreed upon by the parties during testimony. Here, the values claimed by husband and wife were widely divergent, and we would be forced to guess at which set of figures the trial court used.

In addition, we are forced to guess why Joyce was awarded $7,500 and decide to whom the unallocated automobile should go. Because of the deficiencies in the trial court's judgment, pointed out above, the record here does not provide the basis for a meaningful review. *Merritt v. Merritt,* 616 S.W.2d 585, 587 (Mo.App.1981); *Fields v. Fields,* 584 S.W.2d 163, 167 (Mo.App.1979).

While it is extremely regrettable that almost three years have passed since this controversy erupted, and there is still no resolution to the dispute, we are mandated by law not to accept jurisdiction in cases where a final and complete judgment has not been entered. Such is the case here.

Since there has been no attack on the validity of those portions of the decree dissolving the marriage and awarding Joyce $1,500 attorney fees, those portions of the decree will stand. The remainder of the decree, including the findings of fact on the division of marital property and maintenance issues, is ordered set aside, and the cause remanded to the trial court with directions to reopen the hearing, if need be, for further evidence on the question of its value of the marital property at the time of the dissolution of marriage, and, after considering all of the evidence, to enter an amended decree describing the marital property, determining the value as of the time of the entry of its decree of dissolution, dividing the marital property in accordance with the terms of the statute prescribing what factors should be taken into account in making such division, and determining whether Joyce is entitled to maintenance, and, if so, how much.

So ordered.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.