**Anthony MINER, Appellant,**

v.

**Gloria MINER, Respondent.**

**No. WD 35045.**

Missouri Court of Appeals,
Western District.

April 24, 1984.

Anthony Miner, pro se.

Gloria Miner, pro se.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Anthony Miner, a prisoner in the Missouri State Penitentiary at Jefferson City in Cole County, filed a dissolution of marriage petition in the Circuit Court of Cole County. The petition said that there was a child born of petitioner's marriage to respondent Gloria J. Miner, born December 6, 1976, by the name of Tamika Jittaum Miner who "will be residing with the mother of the petitioner, Rosie Miner, 6222 Bailey, St. Louis County, Hillsdale, Missouri." The petition requests a dissolution of marriage and "that custody of the child be given to Rosie Miner."

The wife filed no answer or other pleading. Petitioner showed up on the day appointed for trial, along with his mother, Rosie Miner.

The trial court granted a decree of dissolution but made no order with respect to the child's custody or support. According to petitioner's testimony, the child was in its mother's, the defaulting wife's custody, but was actually staying with petitioner's mother. It is fairly apparent from the record that both the respondent wife and the petitioner's mother resided in St. Louis.

Appellant's point on appeal is that the court erred in not placing the child in his mother's custody. He claims the court should have awarded the custody to his mother, as his surrogate. *See In the Interest of K.K.M.*, 647 S.W.2d 886 (Mo.App. 1983); *C____ v. B____*, 358 S.W.2d 454 (Mo. App.1962).

The court, however, declined to make any provision for the child's custody.

 It is mandatory for the trial court in a dissolution case, where it has jurisdiction to do so, *see Bridges v. Bridges,* 559 S.W.2d 753 (Mo.App.1977); *Morgan v. Morgan,* 542 S.W.2d 617 (Mo.App.1976), to provide for the custody of a minor dependent child of the parties. *B.W. v. F.E.W.,* 562 S.W.2d 137, 139 (Mo.App.1978); *Cradic v. Cradic,* 544 S.W.2d 605, 606–07 (Mo.App. 1976); *Hawkins v. Hawkins,* 462 S.W.2d 818, 821–22 (Mo.App.1970). In failing to provide for the minor child of the marriage domiciled in the jurisdiction of the court, the trial court failed to exhaust its jurisdiction. Cf. *In re Marriage of May,* 664 S.W.2d 20, 21 (Mo.App.1984) (divorce decree failing to completely divide property was not a final judgment); *In re Marriage of Wineland,* 609 S.W.2d 464, 466 (Mo.App. 1980) (by failure to completely divide property in divorce action, court did not exhaust its jurisdiction); *L.F.H. v. R.L.H.,* 543 S.W.2d 520, 521–22 (Mo.App.1976) (failure to divide real property); *Pendleton v. Pendleton,* 532 S.W.2d 905, 906 (Mo.App.1976) (divorce decree leaving property rights for later settlement between parties). The judgment is therefore not a final judgment. We have no jurisdiction to entertain the appeal.

The appeal is dismissed and the case is remanded to the trial court for further proceedings.

All concur.