ERNEST A. McCONNELL, Appellant, v. LYDIA
McCONNELL, Respondent.

St. Louis Court of Appeals, November 12, 1912.

DIVORCE: Jurisdiction: Residence of Plaintiff. Under Secs. 2371,
2373, R. S. 1909, providing that an action for divorce shall be
had in the county where plaintiff resides, and declaring that no
person shall be entitled to a divorce who has not resided with-
in the state for a year next before the filing of the petition,
unless the offense complained of was committed within the
state, the court has no jurisdiction of a suit for divorce by a
nonresident husband for his wife's adultery committed in the
state and while she was residing in the state.

Appeal from St. Louis City Circuit Court.—*Hon.
Moses N. Sale*, Judge.

AFFIRMED.

*Henry B. Davis* and *Charles Erd* for appellant.

The court had jurisdiction. Sec. 2373, R. S. 1909;
Cheatham v. Cheatham, 10 Mo. 296; Gordon v. Gordon,
128 Mo. App. 710; Johnson v. Johnson, 95 Mo. App.
329.

NORTONI, J.—This is a suit for divorce. After
hearing the testimony, the court dismissed the petition,
and plaintiff prosecutes the appeal from that judgment.
In support of its ruling, the trial court filed a writ-
ten memorandum containing a concise statement of
the facts and its conclusion of law thereon. This
memorandum opinion prepared by the trial judge will
suffice here, and we, therefore, set it out as follows:

"This is a suit for divorce filed by the plaintiff,
who lives in New York City, in the state of New York,
and who has never lived or resided in the city of St.
Louis, or in the State of Missouri.

"He brings this suit for divorce in this jurisdiction, alleging that the defendant, his wife, committed adultery since the marriage, in the city of St. Louis, and that the offenses complained of were committed in this State, while the defendant resided within this State.

"This appeared to me at the time of the trial as rather an extraordinary proceeding. Neither the plaintiff nor the defendant reside in this State, or resided in the State at the time of the trial. The plaintiff, himself, filed an affidavit of nonresidence against the defendant, and applied for an order of publication against her, and the only service in the case is by proof of publication.

"Counsel for plaintiff, at the hearing, stated that he was proceeding under section 2373, Revised Statutes 1909, which provides as follows: 'No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before the filing of the petition, unless the offense or injury complained of was committed within this State or whilst one or both of the parties resided within this State.'

"Counsel contended that, under this section, if the injury complained of, that is, if the ground for divorce was committed within this State, then the question of residence is not involved or becomes altogether immaterial. If a husband and wife, residing in the State of New York, should be traveling through the State of Missouri, and the husband, while on his journey in this State, should commit adultery or should be guilty of such barbarous or cruel treatment as to endanger the life of his wife, then the suit for divorce could be brought in this State. . . . . .

"I think I am safe in saying that there is not a state in the Union that does not require, as a prerequisite for the exercise of its jurisdiction in divorce

cases, a bona fide residence in the State, of the applicant for divorce.

"Section 2373, Revised Statutes 1909 is to be construed with other sections of the statute on divorce. Section 2371, Revised Statutes 1909 specially provides that the proceedings shall be had in the county where the plaintiff resides. If the offense or injury complained of was committed within this State, then the plaintiff in the divorce suit need not have resided within the State one whole year next before the filing of the petition; the plaintiff in such case may have resided here less than a year. But the statute nowhere authorizes one who is not a resident of the State to institute suit for divorce in this State under any circumstances, and I believe I am safe in saying that that is . . . the law of this State."

We concur with the trial judge in the views above expressed. Indeed, the proposition that a complainant in an action for divorce must be a resident of this State has been pointedly determined by our Supreme Court and this, too, under the identical statutes above referred to. [Kruse v. Kruse, 25 Mo. 68.] The second section of the act concerning divorce and alimony (R. C. 1845), referred to in the opinion of the Supreme Court, is identical with section 2371 of the Revised Statutes 1909, which is still the second section of the act on divorce. It is obvious the circuit court was without jurisdiction of the cause for the reason plaintiff was not a resident of the State, and the proceeding was very properly dismissed. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.