Aileen COX, Respondent,

v.

Elvin COX, Jr., Appellant.

No. 25932.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

---

1. State of Missouri v. Lee, Mo.App., 488 S.W.2d 272.

Wilbur L. Pollard and Wm. Harrison, Norton, Norton & Pollard, Kansas City, for appellant.

R. LeRoy Miller and R. Max Humphreys, Miller & Humphreys, Trenton, for respondent.

DIXON, Judge.

The plaintiff wife received a decree of divorce in the Circuit Court of Grundy County. She alleged her then residency in the county and that the cause for divorce occurred in Missouri. There were no children, and no allowances for alimony or attorneys' fees were made. The husband appeals claiming the grounds for divorce were insufficient and that the wife was not a resident of Missouri when the suit was filed.

■ The basis for the first contention is that the wife was the only witness, and her testimony was uncorroborated and did not show a continuing course of conduct visiting mental or physical cruelty on plaintiff. This court reviews de novo and that review shows evidence of repeated infliction of verbal abuse and physical violence on the plaintiff. Defendant's denial of the verbal abuse is at best equivocal. The issue turns on credibility and the statute and a myriad of cases require deference to the trial court's findings. Rule 73.-01(d) V.A.M.R. As to corroboration, the record shows some corroboration but a divorce may be granted on uncorroborated evidence. Miskimen v. Miskimen, 344 S. W.2d 289 (Mo.App.1961); Pilkinton v. Pilkinton, 401 S.W.2d 505 (Mo.App.1966).

The second issue raises a closer point. The parties are not in disagreement as to the requirements for jurisdiction to award a divorce under Section 452.050 RSMo 1969, V.A.M.S. That section and the cases construing it require that the plaintiff be a resident of Missouri at the time the suit is filed when reliance for jurisdiction is placed upon a cause for divorce occurring in Missouri instead of the one year residency requirement of the statute. McConnell v. McConnell, 167 Mo.App. 680, 151 S.W. 175 (1912); Gooding v. Gooding, 239 Mo.App. 1000, 197 S.W.2d 984 (1946). There is, likewise, concurrence by the parties that residence or domicile is largely a matter of intention coupled with an act or acts conformable to the intention (Sharp v. Sharp, 416 S.W.2d 691 (Mo.App.1967), 1. c. 695); actual bodily presence is necessary although not required to be continuous. Madsen v. Madsen, 193 S.W.2d 507 (Mo. App.1946). It is when these acknowledged principles are applied to the facts that the live dispute between the parties appears.

Iterating the function of the trial court to determine the issues of credibility, facts here appear, some based on the issue of credibility and some undisputed, which will support the decree. A short recital of evidentiary facts and inferences drawn therefrom will demonstrate that the trial court's resolution of the factual dispute as to jurisdiction is supported by the record.

The plaintiff, whose family resided in Milan, a northwest Missouri community in Sullivan County, taught school in Iowa for twenty years after six years of teaching in rural schools in Sullivan and Grundy Counties, Missouri. Her first husband had been killed in an automobile accident. The defendant, who had been in Des Moines only six months, altogether, and apparently only two months before the marriage, met

and married her in March of 1968. About four months later, he removed to a farm in which plaintiff invested some thirty thousand dollars in purchasing, equipping and supporting during the next three years. The funds were the proceeds of a settlement received by plaintiff as a consequence of her first husband's death. Defendant had come to Missouri to plant fall crops prior to full possession of the farm in March of 1969. At first, the defendant lived in Grundy County some three miles from the farm with his parents in the town of Galt. This arrangement proved unsatisfactory and plaintiff and defendant purchased a house trailer which was placed on the farm. So far as the record shows, the defendant occupied this trailer continuously from its purchase to the time suit was filed. Defendant denies he intended to reside in Missouri, planning to farm two 3-month periods for planting and harvesting and return to his painting trade in Des Moines for the balance of the time. This purported intent was never consummated, perhaps because in the first year of farming he undertook to raise swine which had increased in number until 110 head were on the farm at the time suit was filed. The defendant also testified to extremely long hours of work throughout the time the farm was held by the parties. In any event, aside from one or two trips to Des Moines, the defendant lived in the trailer. He was joined there "most every weekend" by the plaintiff, and most of the physical indignities complained of occurred there. Plaintiff taught summer school in 1968 and in 1969, and in 1970 attended school in Kirksville. She still spent her weekends on the farm except for three or four weeks in 1969 when there were some "extreme troubles." Plaintiff said the discussions between the parties during the marriage as to living arrangements were that, "[W]e planned eventually to live on the farm." She explicitly denied residency in Des Moines. That resolution and intent is supported by the fact that in 1969 and 1970 plaintiff worked four or five nights a week as a recreational supervisor in Des Moines

and those funds, plus proceeds of a loan on property in Des Moines, were used by her to make the payment on the farm due in March, 1970, and to pay bills accruing in the farming operation. Plaintiff, in response to a direct question, asserted she "considered my residence to be with my husband on the farm south of Galt" at the time she filed suit. She was then a student at Kirksville but said she was living there "temporarily."

 Defendant did not raise the issue of venue. The foregoing which, when considered with the recognized principle that the domicile of the wife is the matrimonial domicile of the husband, which here could only be the trailer in Grundy County, amply supports the requisite finding of plaintiff's domicile in Missouri.

The judgment of the trial court is affirmed.

All concur.