Gerald Nolan, J.
In this proceeding, brought on the petition of Gloria Chin, as guardian ad litem of the infants Victoria Louise Yen and Georgia Priscilla Yen, for an order determining the custody of the infants, the Attorney-General, appearing for the respondents Family Court, and the Honorable Robert E. Dempsey, as Judge of that court, moves to dismiss the petition on the ground that it does not state facts sufficient to entitle the petitioner to any relief. The facts, insofar as they are pertinent, are stated in the decision filed herewith in a companion proceeding in the nature of prohibition brought by the petitioner pursuant to article 78 of the Civil Practice Law and Rules. The motion is granted. It has been decided in the companion proceeding (41 Misc 2d 641) that petitioner is not entitled to relief in the nature of prohibition. No facts are stated in the petition in this proceeding and no evidence has been submitted which entitles her to any other relief against these respondents. However, another question must be decided so that the proceeding may proceed to trial, as it should, as soon as possible. On the argument of the motion to dismiss, the court suggested that it might be to the advantage of all the parties to transfer this proceeding to the Family Court for determination, and the views of counsel were requested with respect to the jurisdiction of the Family Court to entertain it. Both the Attorney-General and the attorneys for the petitioner have agreed that the Family Court has such jurisdiction and it is my opinion that its jurisdiction may not be questioned despite the fact that no express provision has been made in the Family Court Act for the commencement of such a proceeding in that court, or for the hearing and determination of such a proceeding if it is transferred from or referred by the Supreme Court to the Family Court, and such proceedings are not mentioned in the provisions of the act in which the various classes of proceedings over which the Family Court has jurisdiction are enumerated (Family Ct. *652 Act, § 115). The constitutional grant of jurisdiction is clear. Subsection b of section 13 of article YI of the Constitution of this State expressly confers upon the Family Court jurisdiction over certain enumerated classes of proceedings ‘1 which shall be originated in such family court in the manner provided by law ’ \ Among the proceedings expressly provided for are those involving the custody of minors, ‘ ‘ except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage, and dissolution of marriage or except for custody in habeas corpus proceedings ”. Jurisdiction to determine habeas corpus proceedings for the determination of the custody of minors, and jurisdiction with respect to custody incidental to matrimonial actions, with the same powers possessed by the Supreme Court, are granted by the same section in subdivision c ‘ ‘ when referred to the family court from the supreme court ”. No provision is made in subsection c for reference by the Supreme Court of proceedings to determine custody brought in the Supreme Court by petition (see Finlay v. Finlay, 240 N. Y. 429) for the obvious reason that original jurisdiction of such proceedings is conferred on the Family Court by subdivision b and appropriate provision for the transfer of such proceedings from the Supreme Court to the Family Court is made by subdivision .a of section 19 of the same article of the Constitution. The constitutional provision that the various classes of actions and proceedings over which the Family Court has jurisdiction “ shall be originated in such family court in the manner provided by law” is obviously not intended as a limitation on the jurisdiction of the court, but is intended merely to indicate the authority of the Legislature to regulate procedure in such proceedings. The same section of the Constitution enumerates certain classes of actions and proceedings with respect to which legislative implementation is necessary to confer jurisdiction on the court. With respect to such proceedings, however, jurisdiction is conferred, only ‘ ‘ as may be provided by law”. It is immaterial, however, whether the words 11 which shall be originated in such family court in the manner provided by law ’ ’ are intended as a jurisdictional limitation or an authorization for legislative regulation of procedure. If it be assumed that they are intended as a jurisdictional limitation, the Family Court has jurisdiction, nevertheless, since the general procedural provisions of the Family Court Act make ample provision for the commencement of custody proceedings in that court. Where the method of procedure in any proceeding in which the court has jurisdiction is not prescribed by the Family Court Act, the procedure is governed by the rules adopted by *653 the administrative board of the judicial conference, or if none has been adopted, by the provisions of the Civil Practice Law and Rules to the extent that they are appropriate to the proceedings involved (Family Ct. Act, § 165). It follows therefore that however the provisions of section 13 of article VI of the Constitution may be interpreted there is a “ manner provided by law” in which custody proceedings may be originated and that the Family Court has jurisdiction of the subject matter and over the classes of persons named as parties in such proceedings.
It is difficult to understand why proceedings involving the custody of minors, commenced by petition, as in the Supreme Court, are not specifically mentioned in section 115 of the Family Court Act. Whatever the reason may be, it is clear that the failure to provide for such jurisdiction in the act does not deprive the court of jurisdiction expressly granted by the Constitution (see decision filed herewith in Matter of Chin v. Wyman, 41 Misc 2d 641). Since the Family Court has jurisdiction of the subject matter, and of . the classes of persons named as parties in such proceedings, this proceeding may be transferred (N. Y. Const., art. VI, § 19, subd. a) and in my opinion should be transferred to that court for determination. The Family Court has before it a civil judicial proceeding (CPLR 105, subds. [d], [f]) for the enforcement of a requisition issued in the State of Massachusetts for the return of these infants to that State (Interstate Compact on Juveniles; L. 1955, ch. 155), and in view of its jurisdiction and responsibility with respect to the custody and welfare of infants, may find it necessary to decide in that proceeding the same issues which may arise in this proceeding. Consequently, it appears to be advisable, in the interest of orderly procedure, to transfer this proceeding to that court, so that all the issues may be decided at one time, and in the same court. Such disposition is requested by the Attorney-General, and is not opposed by the attorneys for the petitioner, if this court is of the opinion that an extended hearing will be required, aided by the investigative and other facilities of the Family Court. It is my opinion that such a hearing may well be required, although that question may not be decided with certainty at this time. An order may be presented accordingly, on notice, dismissing the proceeding against the moving respondents, and providing for its transfer to the Family Court for such further proceedings therein as may be ProPer-