Hugh S. Coyle, J.
This is an application by petitioner in the form of a writ of habeas corpus for the release of his son, the relator herein. The relator is presently being detained at the Psychiatric Division of Grasslands Hospital, Valhalla, N. Y., pursuant to an order directing a medical examination of him, which was made by the Family Court, Westchester County.
The relator was adjudged a neglected child by the Children’s Court, now Family Court, on January 15, 1958, and thereafter committed to the custody of the Commissioner of Public Welfare of the County of Westchester. During the course of the Commissioner’s custody, the relator resided in foster homes and child-care institutions, the last of which was Hawthorne-Cedar Knolls at Valhalla, N . Y. On or about May 3,1965, the Department of Public Welfare rendered a report to the Family Court, recommending a change in placement from Hawthorne-Cedar Knolls to the home of his parents, subject, however, to the continuing supervision of the Department of Public Welfare and the continuing jurisdiction of the Family Court.
Pursuant to section 251 of the Family Court Act, on January 24, 1966, a further report was rendered to the Family Court requesting a determination as to the continuing supervision of the Department of Public Welfare and requesting an examination of the relator. On that day a caseworker for the Department of Public Welfare advised the petitioner herein that a hearing was to be held on January 25, 1966, at which the petitioner had a right to be present. Petitioner advised the caseworker that he could not be present at the hearing. On January 25, 1966, a hearing was held before the Family Court which *587 resulted in the order above referred to. The Family Court order directed that the relator be examined and a report thereof be furnished to the court.
At the hearing held by the Family Court on January 25, 1966, the caseworker for the Department of Public Welfare and the relator testified. It is reported that the relator requested that he be returned to Hawthorne-Cedar Knolls. Based upon the testimony of the caseworker and relator’s request to be returned to Hawthorne-Cedar Knolls, the Family Court sent the relator to Grasslands Hospital for examination. When the report is received from Grasslands Hospital a decision is to be made as to the continuing custody of the relator by the Department of Public Welfare.
On or about February 1, 1966, a writ of habeas corpus was served on respondents seeking relator’s release and giving as justification therefor the alleged misconduct on the part of law-enforcement officials detrimental to and against relator’s interest. In that connection, it should be stated herein that insofar as the determination of this court is concerned on the writ before it no issue at present need be passed upon by the court with respect to the alleged misconduct of any law-enforcement officers. The petition for the writ also cited the lack of opportunity for the petitioner father to visit his son at the hospital and the denial to the son of the benefit of counsel. Both of these questions were resolved prior to the argument here. The parent has been given the right to visit, and duly authorized counsel has been granted the right of discussion with the relator at the hospital, said visits to be conditioned upon compliance with the usual hospital rules and regulations. The other allegation made in the petition includes the contention that the Family Court lacked jurisdiction to enter the order for a medical examination, pursuant to section 251 of the Family Court Act.
Upon the return of the writ it was agreed by and between the parties that the proceeding be private. In addition, the parties agreed that the only proceeding necessary at this time was oral argument of counsel upon the jurisdictional questions presented by the petition, and in the event they would, in the future, request an evidentiary hearing, the court would, at that time, pass upon the necessity and propriety for such hearing.
The oral argument of counsel for the parties herein disclosed to this court that the only real issue before it is whether or not the Familly Court had jurisdiction to order examination of the relator and hold him for the duration of the examination.
*588 Section 251 of the Family Court Act provides in part as follows: u § 251. Medical examinations. After the filing of a petition under this act over which the family court appears to have jurisdiction, the court may cause any person within its jurisdiction and the parent or other person legally responsible for the care of any child within its jurisdiction to be examined by a physician, psychiatrist or psychologist appointed or designated for the purpose by the court when such an examination will serve the purposes of this act. The court, during or after a hearing, may remand for a period.not exceeding thirty days any such person for physical or psychiatric study or observation.”
Based upon the proceedings to date in the Family Court, this court finds that the relator is and was at the time of the order directing his examination at Grasslands Hospital still under the jurisdiction of the Family Court. It does not appear that this finding is questioned by the petitioner. However, the attorneys for petitioner claim that the Family Court cannot, at this stage of the neglect proceedings, invoke section 251 to now conduct an examination, some eight years after the date of the original proceeding.
An interpretation of section 251 which would limit the right of the court to order examinations of children only at the time of the filing of the original petition would not, in the words of the section “ serve tíre purposes of this act”, especially when one considers the purpose of the Family Court Act which is designed to promote the protection of the children within its jurisdiction. The need for an examination to aid a determination of the court might well not arise until after the initial fact-finding hearing adjudicating a child neglected or after a dispositional hearing placing the child in the custody of an agency or institution. To limit the power of the Family Court to obtain reports and examinations which would tend to assist it in rendering decisions for the best interest of the children over which it has jurisdiction would be contrary to the purposes for which the court was created.
Petitioner also relies upon, what he terms, a lack of jurisdiction in the Family Court, under section 355 of the Family Court Act. There appears to be little doubt that the Family Court’s jurisdiction under section 355 continues with respect to a neglected child after his 16th birthday. (Matter of Mittenthal v. Dumpson, 37 Misc 2d 502.) What would appear to be paramount in connection with the jurisdiction of the Family Court is the age-old question of what is best for the child. Where, as here, the court obviously was convinced the best interest of the relator was his retention and custody for psychiatric exami *589 nation, and where the background of the child and his parents and the circumstances would appear to warrant such retention, this court will not upon the argument presented alter same. For a comprehensive discussion of the broad jurisdiction and power of the Family Court see Matter of Chin v. Yen (41 Misc 2d 650); Matter of Chin v. Wyman (41 Misc 2d 641).
Under the circumstances herein it is the decision of this court that the writ be dismissed.