STATE of Missouri ex rel. D. A. S., a minor, by N. C. S., Next Friend, Relator,

v.

The Honorable George P. ADAMS, Judge of the Circuit Court of Montgomery County, Missouri, Juvenile Division, at Montgomery City, Missouri, Respondent.

No. 34376.

Missouri Court of Appeals, St. Louis District.

Sept. 12, 1972.

McQuie & Deiter, Montgomery City, for relator.

James G. Gregory, Montgomery City, for respondent.

WEIER, Judge.

By prohibition, relator, a minor under the age of seventeen years, by next friend, seeks to restrain entertainment by the juvenile court of Montgomery County of jurisdiction in a juvenile proceeding, wherein the juvenile officer alleges the child is in need of care and treatment because of the commission of an act of burglary and stealing in Montgomery County. It is an admitted fact that the child is a resident of Gasconade County. He was not apprehended in Montgomery County, but was served with summons in Gasconade County to respond to the petition.

The sole issue before us is the determination of the jurisdiction of the juvenile court of Montgomery County to proceed against the non-resident juvenile by reason

of an alleged violation of state law in that county.

The section of the Juvenile Code which resolves this issue is Section 211.031, RSMo 1969, V.A.M.S., which reads in part:

"Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:

"(1) Involving any child who may be within the county who is alleged to be in need of care and treatment because:

\*    \*    \*    \*    \*    \*

"(d) The child is alleged to have violated a state law or municipal ordinance;

\*    \*    \*    \*    \*    \* "

Under the plain terms of this statute, "exclusive original jurisdiction" is placed in the juvenile court of the county where the child "may be." We have previously interpreted this to mean that the presence of a child outside the territorial jurisdiction of a juvenile court precludes that court from adjudicating his status. In the Matter of Shaw (De Marinis v. Smith), Mo.App., 449 S.W.2d 380, 382 [1, 2]. As pointed out therein, the court's jurisdiction is in personam and is confined to its territorial jurisdiction. This may not be enlarged to include constructive domicile by reason of the mother residing within the county where the proceeding is instituted, as in *Shaw*, nor by constructive presence in the county where a criminal act was committed, as presented here. As declared in *Shaw*, territorial jurisdiction is realistic. It is the purpose of the juvenile code to facilitate the care and treatment of a child. "Logically this can best be done by the juvenile court of the county where the child is located." In the Matter of Shaw (De Marinis v. Smith), supra, Mo. App., 449 S.W.2d, 380, 384.

The preliminary writ heretofore issued is made absolute.

BRADY, C. J., and DOWD, SMITH and SIMEONE, JJ., concur.