**In the Matter of M. W. W. W., Petitioner,**

**v.**

**Dr. Samuel BERNSTEIN, Director of Court Services for the Juvenile Court of St. Louis County, Mo., Respondent.**

**No. 35792.**

Missouri Court of Appeals, St. Louis District, Division Two.

Dec. 27, 1973.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 11, 1974.

Samuel Raban, St. Louis, for appellant.

Corinne R. Goodman, Craig K. Donis, Howard Paperner, St. Louis, for respondent.

SMITH, Presiding Judge.

Petitioner is the father of M. W., a minor under the age of 17 years. Petitioner, on behalf of his son, sought release of M. from the custody of respondent Duggan, Superintendent of St. Louis County Juvenile Detention Center. We issued our show cause order and after further pleadings, briefs and oral argument ordered M. W. discharged from respondent's custody. This opinion sets forth our reasons.

An armed robbery occurred at the "Leather Bottle" bar and restaurant in St. Louis County. Information to police authorities implicated M. W. and at the request of County police authorities he was apprehended and taken into custody at his home in the City of St. Louis by City police. He was physically transported to the City Juvenile Center and then transferred to the custody of Clayton police who transported him to the St. Louis County Juvenile Center. There is no indication of record that the transfer to the Clayton police was based upon any order of the City Juvenile Court and it appears the transfer was made between the police without such an order. Respondent admits he has no statutory or case law authority authorizing such transfer of a juvenile between police authorities.

After M. W. was placed in the County Juvenile Center, a petition was filed by the juvenile officer of St. Louis County with the Juvenile Court and a hearing was scheduled before the judge of that court. Petitioner then filed his application for writ of habeas corpus contesting the jurisdiction of the Juvenile Court of St. Louis County.

We find it unnecessary to resolve the varying contentions of the parties concerning the validity of a prior exercise of jurisdiction over M. W. by the St. Louis City Juvenile Court or whether that exercise, if valid, vests exclusive subsequent jurisdiction in that court.

We determine instead that the circumstances under which the minor was brought before the County Juvenile Court precludes that court from having jurisdiction.

The operative jurisdictional statute is R. S.Mo. 211.031 (1969), V.A.M.S. which provides:

"Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:

(1) Involving any child *who may be* within the county . . . . " (Emphasis supplied)

In In re Shaw, 449 S.W.2d 380 (Mo.App.1969) we held that the underlined language meant physical presence within the county. See also State ex rel. D. A. S. v. Adams, 485 S.W.2d 442 (Mo.App.1972). The jurisdiction of the juvenile court is *in personam* and is confined to its territorial jurisdiction. Both Shaw and Adams involved situations where the child was not physically present in the county where jurisdiction was attempted at the time the petition invoking that jurisdiction was filed. That is not true here; at the time the petition was filed M. W. was physically present in St. Louis County.

R.S.Mo. 211.131(3) provides that "The jurisdiction of the court attaches

*from the time the child is taken into custody.*" (Emphasis supplied).

It is the time of apprehension that determines which court has jurisdiction, and once that jurisdiction attaches it is "exclusive original jurisdiction."

■ Respondent cites us to cases involving involuntary transportation of adult felony suspects into a jurisdiction for trial. In the first place juvenile proceedings are not criminal proceedings. Secondly, under the Juvenile Code, the place of the commission of an offense has no jurisdictional significance insofar as venue is concerned, as it does in criminal proceedings.[1] See State ex rel. D. A. S. v. Adams, supra. There is, therefore, no need for transporting a juvenile from the jurisdiction in which he is apprehended into another jurisdiction where his alleged misconduct occurred.

The purpose of the Juvenile Code is to "Facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court." R.S.Mo. 211.011. This purpose does not require that a child be transported from his home county to the county of the crime. It is more probable that "care, protection and discipline" can be effectuated in the juvenile's home county than in some distant county.

Respondent cites Huffman v. State, 487 S.W.2d 549 (Mo.1972) in support of his position. Huffman involves the *inter-state* transportation of a juvenile alleged to have committed a crime in the state to which he was returned. Huffman arose on a 27.26, V.A.M.R. motion and deals with the constitutionality of proceeding without proper extradition. The case at bar deals with the Missouri statutory procedures for dealing with juveniles.

■ In State ex rel. R. A. P. v. Barker, 497 S.W.2d 838 (Mo.App.1973) a juvenile court was held to be without power to acquire jurisdiction over a juvenile outside its territorial limits by issuance of process. This decision reflects the public policy of Missouri that a juvenile court cannot acquire by its own order jurisdiction of children not apprehended nor residing within its territorital limits. What cannot be done formally through issuance of process cannot be done informally through agreements between police officials. The obligation of police upon taking a juvenile into custody is to take him "immediately and *directly*" before the juvenile court which acquires jurisdiction "from the time the child is taken into custody." When M. W. was apprehended jurisdiction immediately vested in the juvenile court of the county (in this case the City of St. Louis) where such apprehension occurred. It could not be divested by the action of the police in transporting the juvenile to another county. When the jurisdiction vested it was exclusive. See In re Shaw, supra. R.S.Mo. 211.061, 211.131. It is not the function of police officials to determine which juvenile court they wish to have process the child. The statutes determine the jurisdiction and we cannot approve the procedure followed here nor uphold the jurisdiction of the County juvenile court without obviating the requirements of those statutes.

■ It is obvious from what we have said, that the proper operation of the Juvenile Code on a *state-wide* level can only occur if the juvenile court for the county wherein the child is taken into custody is willing to act. That court, and its juvenile officer, should not refuse to proceed solely because the alleged misconduct occurred in a different county.

CLEMENS, McMILLIAN and GUNN, JJ., concur.

---

1. If a juvenile is certified as an adult for trial a different situation would pertain.