**In the Matter of C. G., a minor.**

No. 38033.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 13, 1976.

Tessler & Geigerman, Michael S. Geigerman, Clayton, for petitioner.

Peter Lumaghi, St. Louis, Allan F. Stewart, Legal Aid Society, Clayton, Harold G. Johnson, St. Ann, for minor.

WEIER, Presiding Judge.

This is a proceeding in habeas corpus seeking custody of a 15 year old non-resident run away minor. Our writ was issued upon a petition which alleged that the minor child was removed from custody of the petitioner, the natural mother, without her consent, and was being illegally restrained by the juvenile authorities of St. Louis County without a valid custody order based on competent facts sufficient to remove the child from the custody of the mother.

The return of the St. Louis County Circuit Court, Juvenile Division, stated that on December 12, 1975 Mrs. Rebecca Anderson, half-sister of the minor child, accompanied by the child, applied for legal and physical custody at the Neglect Department of the Juvenile Court. An interview was held, a call was made to the natural mother, who resided in Texas, and then an informal hearing was held by a duty officer who recommended detention under § 211.141, RSMo. 1969. On this date, the judge of the Juvenile Division affixed his signature to the detention order, a copy of the order being attached to the return. Subsequently, on March 11, 1976, as authorized by the court, the petition of the Juvenile Officer was filed alleging that the child was without proper care, custody and treatment, and that the parents had refused to provide care for her well-being. Two settings on this petition, one on March 17, 1976, and the second on April 7, 1976, were continued at the request of the mother.

The Juvenile Court, in its order of December 12, 1975, had specified that the minor would be placed under the temporary physical custody of her half-sister, Mrs. Rebecca Anderson, and her husband, Mr. Roger Anderson. The Andersons filed a return in this habeas corpus proceeding raising the issue of fitness of the mother and suggested that the welfare of the child called for continued custody in the respondents. The petitioner, in her answer, denied both the legality of the child's detention and the allegations of unfitness and welfare of the child.

■ The first issue with which we are confronted is whether the St. Louis County Juvenile Court has jurisdiction to adjudicate the custody of a non-domiciliary minor child who is physically present within its territorial jurisdiction. Section 211.031, RSMo. 1969, provides that the juvenile court shall have exclusive jurisdiction in proceedings "[i]nvolving any child who may be * * * within the county * * * who is alleged to be in need of care and treatment * * *." This language means physical presence within the county. *In re M. W.,* 504 S.W.2d 189, 191[1] (Mo.App.1973). Under the authority of § 211.-131(3), RSMo. 1969, "The jurisdiction of the court attaches from the time the child is taken into custody."

■ The courts of this state generally have jurisdiction over children who are physically present within this state and may adjudicate custody and other matters affecting their interests, especially where the welfare of the children is involved. *Urbanek v. Urbanek,* 503 S.W.2d 434, 441[11] (Mo.App.1973); *Kennedy v. Carman,* 471 S.W.2d 275 (Mo.App.1971); Restatement (Second), Conflict of Laws, § 79. Such jurisdiction is inherent in the position of the state as parens patriae to the child and is based upon the concern that courts have for "the protection that is due to the incompetent or helpless." Justice Cardozo in *Finlay v. Finlay,* 240 N.Y. 429, 148 N.E. 624 (1925). It is particularly appropriate that juvenile courts have jurisdiction of non-domiciliary minors who are physically present within the territorial venue of the court and who are determined to be in need of care and protection under Chapter 211, RSMo. 1969.

The detention order issued by the Juvenile Court dated December 12, 1975 indicated that the minor child was without legal protection and proper care and support. As previously stated, the court authorized the Juvenile Officer to file a petition with the court alleging that the child was without proper care, custody and treatment, and that the persons responsible for her care had neglected to provide support and other care necessary for her well-being. The court under its original detention order, by authority of § 211.131, *supra*, has properly asserted custody over the child and has indicated an intention to pursue its inquiry under § 211.031, *supra*, to determine whether the child is in need of care and treatment, or whether the persons legally responsible for her care and support have neglected or refused to provide the same. We find no invalidity in the proceedings to this point, and affirm the court's jurisdictional power to proceed to inquire with regard to the welfare of the child under the Juvenile Code of this state.

The effect of the Interstate Compact on Juveniles, § 210.570, RSMo. 1969, has been raised in this proceeding. The attorneys for petitioner have filed in this court a copy of a requisition order purportedly issued by the Juvenile Court of Wichita County, Texas, wherein it is recited that the minor child left her classes in the high school of Electra, Texas in that County and ran away with her half-sister, Becky Anderson, without petitioner's knowledge or consent. The court order further determines that petitioner is entitled to legal custody and that it would be to the best interest of the minor to compel her to return to her domicile in Texas. Resident counsel for petitioner in this state is appointed by the order to receive the juvenile and transport her to Texas. Although the order is unauthenticated (28 U.S.C.A. § 1738; § 490.130, RSMo. 1969), out of respect for the judgments of competent courts in sister states and comity between the states, we have considered its effect upon the proceedings before us and in the Juvenile Court of St. Louis County, Missouri. Article IV of the Compact, as set forth in § 210.570, concerns run away children. The procedure for their return to their state of origin is set out therein. The article also contains a provision that in the event there is pending in the state where the juvenile is found any proceeding to have him adjudicated a delinquent juvenile for an act committed within such state, he is not to be returned without the consent of the state where he is found until discharged from detention or supervision. Section 210.595, RSMo. 1969, contains this definition: "The term 'delinquent juvenile' as used in the inter-state compact on juveniles includes those persons subject to jurisdiction of the juvenile court within the meaning of subdivisions (1) and (2) of section 211.031, RSMo." Subsection (1) includes the provision with regard to children who are in need of care and treatment because of neglect or without proper care and custody. Thus Article IV, when taken in conjunction with the definition as given, allows the Juvenile Court to detain the minor child, order appropriate detention and supervision, or it may consent to her return pursuant to a proper requisition issued by a court of competent jurisdiction in the state where she resided. For a discussion of the paramount claims of state of physical presence against state of parental domicile under the compact on juveniles, see *Application of Chin*, 41 Misc.2d 641, 246 N.Y.S.2d 306 (1963); *Chin v. Yen*, 41 Misc.2d 650, 246 N.Y.S.2d 316 (1963).

Since we have concluded that the Juvenile Court of St. Louis County has jurisdiction over the minor child, the writ of habeas corpus heretofore issued by us is quashed and the custody of said child is remanded to that court.

McMILLIAN and RENDLEN, JJ., concur.