**In the Matter of Vincent Edward JACKSON.**

**Marion V. JACKSON, Petitioner,**

v.

**SHANNON COUNTY DEPARTMENT OF SOCIAL SERVICES, Division of Family Services, and Junior Blake and Alta Blake, Respondents.**

**No. 11585.**

Missouri Court of Appeals, Southern District.

Dec. 27, 1979.

Kenneth J. Feld, St. Louis, for petitioner.

PREWITT, Judge.

This is an original proceeding in habeas corpus brought by petitioner to obtain possession of his son, Vincent Edward Jackson, age 9. Respondents are the Shannon County Department of Social Services, Division of Family Services, and Junior Blake and Alta Blake, the foster parents with whom said child was placed. We appointed a master whose report has been filed and no exceptions taken. Rule 68.03, V.A.M.R. The facts as found by the master and revealed by the record are as follows: On

September 27, 1979, and for sometime prior, the minor resided with his mother in Shannon County, Missouri. On that date an automobile accident occurred in Shannon County, Missouri, resulting in the mother's death and injuries to the child. The child was taken to a hospital in Dent County, Missouri, for treatment. On October 4, 1979, while the minor was still in that hospital, a petition was filed in the Juvenile Division of the Shannon County Circuit Court, and that same day the court ordered the juvenile officer to take custody of, and place the child in foster care with the Division of Family Services. Marion V. Jackson, the petitioner here, and the natural father of Vincent Edward Jackson, resides in Jefferson County, Missouri. There is no indication of any dissolution proceedings or other court orders affecting custody prior to October 4, 1979.

■ Petitioner contends that the Shannon County Juvenile Court did not have jurisdiction as the minor neither resided nor was physically present in Shannon County when the petition was filed. As applicable here, Juvenile Courts have jurisdiction over "any child who may be a resident of or found ·within the county . . . ." § 211.031.1(1), RSMo 1978. We must decide if the child is a "resident" or is "found" within Shannon County. We find no cases determining who is a resident under this statutory section. Other Missouri cases, however, have considered the residence or domicile of a minor child. Domicile and residence are usually synonymous and interchangeable. *Fowler v. Clayton School District*, 528 S.W.2d 955, 957 (Mo.App.1975). A child's domicile is presumed to be the same as the custodial parent. *Beckmann v. Beckmann*, 358 Mo. 1029, 218 S.W.2d 566, 569 (banc 1949); *Bridges v. Bridges*, 559 S.W.2d 753, 755 (Mo.App.1977). Where the father and mother establish different domiciles, the child takes the domicile of the parent with whom it lives. *Beckmann v. Beckmann*, supra, 218 S.W.2d at 569. However,

upon the death of one parent, the domicile of the child becomes that of the survivor. *DeJarnett v. Harper*, 45 Mo.App. 415, 420 (1891). Also see *Smith v. Young*, 136 Mo. App. 65, 117 S.W. 628, 632 (1909), and Annotation in 136 A.L.R. 914. On October 4, 1979, the minor was a resident of Jefferson County, the residence of his father, and was not a resident of Shannon County.

■ We next determine if under these circumstances he "may be . . . found within the county". This requires "physical presence" in the county. In the *Matter of C. G.*, 539 S.W.2d 705, 706 (Mo.App.1976); *State ex rel. D. A. S. v. Adams*, 485 S.W.2d 442, 443 (Mo.App.1972); *In re Shaw*, 449 S.W.2d 380, 383–384 (Mo.App.1969).

■ Vincent Edward Jackson was not physically in Shannon County at the time the petition was filed in the Juvenile Court nor was he a resident of Shannon County. The Shannon County Juvenile Court did not have jurisdiction over him at that time and petitioner is entitled to custody. Our holding is without prejudice to the rights of any proper party to take action concerning the custody of said minor in any court which may now have jurisdiction. See *In re Wakefield*, 365 Mo. 415, 283 S.W.2d 467 (banc 1955).

The minor, Vincent Edward Jackson, is remanded to the custody of the petitioner, without prejudice to the right of any proper party to proceed by suitable action concerning the custody of said minor.

It is so ordered.

All concur.